UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Ronnie Warren,                                            Case No. 4:15-cv-02328

          Petitioner

v.                                                       MEMORANDUM OPINION
                                                             AND ORDER

R. Hanson, Warden, FCI Elkton,

          Respondent

**BACKGROUND AND HISTORY**

*Pro se* Petitioner Ronnie Warren filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, claiming he was denied due process in a disciplinary proceeding that resulted in the loss of good time credits and sentence reduction credits. He asks me to order his immediate release from federal custody. For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was incarcerated in FPC Florence on January 22, 2015. On that day, Officer Hanson was conducting rounds in the Teller unit of FPC Florence when he noticed Petitioner's locker was pulled a few inches from the wall. Hanson stepped into the cell to look behind the locker. He spotted a cellphone charger plugged into a wall, with a cord leading to Petitioner's bed. On the bed, the officer discovered a cellphone with a sim card concealed in a stocking hat lying next to Petitioner on his bed. Hanson confiscated the cellphone and the charger.

The matter was then referred to the Federal Bureau of Investigation ("FBI") for possible criminal charges. On February 19, 2015, the FBI declined to prosecute. The prison conducted its own investigation on February 20, 2015, and on the same day, Lieutenant Smith served Petitioner with a copy of the conduct report charging him with possession of a cell phone. The Disciplinary Committee reviewed the conduct report on February 24, 2015, and referred the matter to the Disciplinary Hearing Officer ("DHO") for further consideration. Petitioner was advised of his rights on February 24, 2015.

The DHO conducted a hearing on March 20, 2015. Petitioner requested and received assistance from a staff representative. He also called a witness; however, the witness had no knowledge of the incident. Based on the fact that the cellphone was lying next to Petitioner on Petitioner's bed, the DHO found Petitioner guilty of the conduct offense. Possessing a cellphone with a sim card is considered a serious offense because it can be used by prisoners to circumvent monitoring of telephone calls, making it easier to arrange for drug and contraband introductions, relate gang messages, facilitate escape, or threaten witnesses and victims. Petitioner was sanctioned with loss of good time credits, loss of commissary, loss of visitation, loss of phone privileges, loss of preferred quarters, loss of his prison job, and a monetary fine. Petitioner also indicates he was denied a one year sentence reduction upon completion of a Residential Drug and Alcohol Program ("RDAP"). This was not a sanction imposed by the DHO. It is not clear from the Petition whether Petitioner was not deemed eligible for the program based on his conduct conviction, whether he was removed from the program due to the conviction or whether he completed the program but was denied early release due to the conviction. The exhibits Petitioner attaches to his pleading concern only the conduct hearing. They do not address Petitioner's participation in the RDAP.

Petitioner claims he was denied due process because he was not provided with a copy of the conduct report within 24 hours of the incident. The DHO explained to Petitioner that Bureau of Prisons ("BOP") policy 5270.09 requires that when an incident may involve a criminal prosecution,

the investigating officer must suspend the conduct report investigation and staff may not interview the inmate until after the FBI has completed its investigation. When the case is released to the prison, the disciplinary hearing process can resume.

## STANDARD OF REVIEW

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting Section 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this Court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" Petitions lacking merit on their face under Section 2243).

## ANALYSIS

My ability to review prison disciplinary proceedings is limited. I have no authority to review a DHO's resolution of factual disputes, or to make a redetermination of an inmate's innocence or guilt. *Superintendent, Massachusetts Correctional Institution at Wolpole v. Hill*, 472 U.S. 445, 455 (1985). The only question for me to determine is whether the hearing complied with the basic requirements needed to satisfy due process. That standard is not a difficult one for prison officials to meet. To comply with the requirements of the Due Process Clause, prison officials need only provide a prisoner facing loss of good time credits with: (1) a written notice of the charges at least 24 hours

prior to any hearing, (2) an opportunity to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals, and (3) a written statement by the fact-finders as to the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 564-66 (1972). Prisoners do not have a due process right of confrontation and cross-examination, or a right to counsel, in prison disciplinary proceedings. *Id.* at 569-70.

Furthermore, due process requires only that disciplinary findings resulting in the loss of good time credits be supported by "some evidence" in the record. *Superintendent, Massachusetts Correctional Institution at Wolpole*, 472 U.S. at 454-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the [DHO]." *Id.* The DHO is not required to base findings on overwhelming or irrefutable proof of guilt. Even where the evidence is contradictory or partially exculpatory, a DHO may base a finding of guilt on only "some evidence" that indicates the prisoner is guilty. *Id.* at 457.

In this case, Petitioner claims only that he did not receive a written notice of the charges within twenty-four hours of the date of the incident. He, however, did receive the notice eighteen days before the hearing, which is all that due process requires. He called witnesses, and was given written notice of the DHO's findings. Furthermore, Petitioner's conviction was supported by some evidence. Officer Hanson discovered the cellphone concealed in a stocking hat on Petitioner's bed. Petitioner does not deny ownership of the cellphone. Petitioner was not denied due process.

## Conclusion

Accordingly, Petitioner's Motion for an Emergency Hearing (Doc. No. 2) is denied, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241is denied and this action is dismissed pursuant to 28 U.S.C. § 2243. Further, I certify, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                                           s/Jeffrey J. Helmick
                                           United States District Judge